UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

v.                               Case No. 09-cr-006-01-JL

<u>Eric Fullwood</u>

**O R D E R**

The defendant, Eric Fullwood, requested the court appoint counsel to assist him in the pursuit of a sentence reduction based upon the cocaine base ("crack cocaine") amendment to the Federal Sentencing Guidelines implementing the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("2010 Fair Sentencing Act") (document no. 27).  That amendment was given retroactive effect on November 1, 2011.  For the reasons stated below, the defendant's motion to appoint counsel is DENIED.

On August 3, 2010, Congress enacted the 2010 Fair Sentencing Act to restore fairness to crack cocaine sentences. Specifically, the Fair Sentencing Act increased the threshold quantity of crack cocaine for certain base offense levels listed in the Drug Quantity Table in §2D1.1, eliminated the mandatory minimum sentence for simple possession of crack cocaine, and directed the United States Sentencing Commission ("Commission")

to review and amend the sentencing guidelines to account for specified aggravating and mitigating circumstances in certain drug cases.

Pursuant to the directive in the 2010 Fair Sentencing Act, the Commission promulgated a temporary, emergency amendment implementing the Act effective November 1, 2010. *See* United States Sentencing Commission, *Supplement to the 2010 Guidelines Manual* (Nov. 1, 2010). On April 6, 2011, the Commission re-promulgated as permanent the temporary, emergency amendment and, pursuant to 28 U.S.C. §994(p), submitted Amendment 750 for congressional review on April 28, 2011.

On June 30, 2011, the Commission voted to add Parts A and C of Amendment 750 to §1B1.10(c), which identifies those amendments to the Federal Sentencing Guidelines that may be considered for retroactive application pursuant to 28 U.S.C. §994(u). Part A amended the Drug Quantity Table in §2D1.1 for crack cocaine offenses and made related revisions to Application Note 10 to §2D1.1. Part C deleted the cross reference in §2D2.1(b) under which an offender who possessed more than five (5) grams of crack cocaine was sentenced under §2D1.1. On November 1, 2011, the amendment to §1B1.10 took effect, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of Parts A and C of Amendment 750 were authorized.

Having reviewed the offense of conviction, the sentence imposed, and the pertinent record, it is clear that the defendant is not eligible to seek a reduced sentence under the retroactively applicable amendment.

On May 26, 2009, the defendant pled guilty to a two (2) count Indictment charging him with Distribution of a Cocaine Base ("Crack") in violation of 21 U.S.C. § 841 (a)(1). At sentencing, the defendant was deemed to be a career offender and, as a result, his total offense level was twenty-nine (29) and the advisory guideline range was 151 to 188 months. After receiving a six (6) level downward departure for substantial assistance, which lowered the imprisonment range to 92 to 115 months, the court imposed a sentence of 92 months imprisonment and three (3) years of supervised release on each count, to be served concurrently.

On this record, the defendant is plainly not entitled to a sentence reduction based on a retroactive application of the 2010 Fair Sentencing Act amendment (Amendments 750, Parts A and C). Under the 2010 Fair Sentencing Act the career offender guideline still sets the applicable Guideline Sentencing Range in the defendant's case. The retroactive guideline amendment did not lower that range — it was 151 to 188 months when defendant was sentenced and it remains at 151 to 188 months now.

The retroactive amendment, by its terms, does not apply to

defendant.  Because "the guideline range applicable to . . . defendant" has not been "lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)," U.S.S.G. § 1B1.10(a)(1), defendant is not entitled to sentence relief.  As a result, it would be futile, and an unnecessary expenditure of taxpayer monies, to appoint counsel to pursue a sentence reduction on his behalf.  Defendant's motion to appoint counsel (document no. 27) is DENIED.

**SO ORDERED.**

Date: July 11, 2012

_____
Joseph N. Laplante
United States District Chief Judge

cc:  Eric Fullwood, pro se
     Counsel of Record